UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADI OSKA, Personal Representative of                     Case No.:
the Estate of ABDEL OSKA, deceased,                      Hon.:

      Plaintiffs,

v.

CARDIONET, INC., d/b/a
BIO TEL HEART, a foreign corporation,
CARDIONET, LLC., a foreign corporation,
and BIO TELEMETRY, INC., a foreign corporation,

      Defendant.

_____

JULES B. OLSMAN (P28958)
Olsman MacKenzie Peacock & Wallace, P.C.
Attorney for Plaintiff
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-2300
jbolsman@olsmanlaw.com
_____

## **COMPLAINT**

      NOW COMES, the plaintiff, FADI OSKA, Personal Representative of the Estate of

ABDEL OSKA, deceased by and through his attorneys, OLSMAN, MACKENZIE, PEACOCK &

WALLACE, P.C., by JULES B. OLSMAN, and does hereby complain against the defendants,

CARDIONET, INC., d/b/a BIO TEL HEART, CARDIONET, LLC., and BIO TELEMETRY, INC.,

in a civil action stating onto this Court as follows:

      1.      That plaintiff, Fadi Oska is a resident and citizen of the City of Troy, County of

Oakland, State of Michigan. He is the duly appointed Personal Representative of the Estate

of his father, Abdel Oska, deceased.

2.      That the defendant CardioNet, Inc., d/b/a Bio Tel Heart, is a foreign corporation which maintains its principal place of business and is a resident of Malvern, Pennsylvania.

3.      That the defendant CardioNet, LLC is a foreign corporation which maintains its principal place of business and is a resident of Malvern, Pennsylvania.

4.      That the defendant BioTelemetry, Inc., d/b/a  Bio Tel Heart, is a foreign corporation which maintains its principal place of business and is a resident of Malvern, Pennsylvania.

5.      That the jurisdiction of this Court is founded upon diversity of citizenship of the parties hereto and in the amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.      That plaintiff's decedent Abdel Oska (DOB:3/13/1941) died as a result of prolonged cardiac arrest following a life-threatening arrythmia which was seen and noted by the defendants but not acted upon by a monitoring technician, who upon information and belief, was employed by CardioNet during a period of time when the decedent was under going continuous 28-day cardiac event monitoring.

7.      That on or about December 27, 2017, plaintiff's decedent, Abdel Oska, was placed upon 28-day continuous cardiac event monitoring provided by CardioNet as a result of a recommendation of decedent's cardiologist, Luay Sayed, M.D.

8.      That the specific purpose of the cardiac event monitoring was to detect and report abnormal findings on cardiac monitoring in time to assure proper medical care.

9.      That on or about January 16, 2018, plaintiff's decedent began to experience a cardiac arrythmia.

10.    That CardioNet telemetry strips and service reports reflect that at 10:09 a.m. plaintiff's decedent experienced the onset of ventricular fibrillation which is a recognized medical emergency.

11.    That at approximately 10:12 a.m. on January 16, 2018, the prolonged run of ventricular fibrillation caused sudden cardiac arrest.  Plaintiff's decedent went into asystole with a heart rate of zero.

12.    An unlicensed worker at CardioNet failed to notify any person or medical provider regarding the dire change in the condition of plaintiff's decedent.

13.    That plaintiff's decedent Abdel Oska was discovered 30 minutes after the fact by his wife who found him unresponsive.

14.    That the conduct of the defendants' agents, employee and/or representative in this case constitutes ordinary negligence under Michigan law pursuant to *Bryant v. Oakpointe Villa*, 471 Mich 411, 684 NW2d 864 (2004).  This case does not arise out of the exercise of medical judgment or skill nor is the tortfeasors' employee, agent or representative a licensed medical care provider.

15.    It was then and there the duty of the defendants to use due care and caution with regard communicating information regarding changes in telemetry tracings to appropriate health care providers.

16.    That as a direct and proximate result of the defendants' failure to respond and transmit this information, plaintiff's decedent, Abdel Oska, went into cardiac arrest.  As a result of the cardiac arrest he developed an anoxic brain injury.

17.     That on or about January 29, 2018, 12 days after the occurrence, plaintiff's decedent died when he was removed from a ventilator.  The cause of death is noted to be cardiac arrest as a result of acute respiratory failure and ventricular fibrillation.

18.     That as a further consequence of the negligence of the defendants as described as above, plaintiff was caused to suffer from extreme physical pain and suffering as well as mental and emotional distress during the arrest.

19.     That as a further consequence of the negligence of the defendants as described above, the plaintiff has been caused to expend and/or have expended on behalf of plaintiff's decedent significant sums of money for medical and hospital care or treatment.

20.     That pursuant to MCLA 600.2922, the Michigan Wrongful Death Statute, plaintiff prays for such damages as he is entitled to for conscious pain and suffering sustained by the decedent prior to his death, funeral and burial expense, medical expenses as well as loss of society and companionship on behalf of those persons deemed to be interested persons.

WHEREFORE, plaintiff, FADI OSKA as Personal Representative of the Estate of ABDEL OSKA, deceased prays for damages in whatever amount above Seventy-Five Thousand Dollars ($75,000.00)  to which he is found to be entitled to at the time of trial

together with interest, costs and attorney fees, wherefore he brings this suit.

OLSMAN MACKENZIE PEACOCK &
WALLACE, P.C.


By /s/ Jules B. Olsman
    JULES B. OLSMAN (P28958)
    Attorney for Plaintiff
    2684 West Eleven Mile Road
    Berkley, MI 48072
    (248) 591-2300

Dated:  January 15, 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADI OSKA, Personal Representative of                    Case No.:
the Estate of ABDEL OSKA, deceased,                      Hon.:

      Plaintiffs,

v.

CARDIONET, INC. d/b/a
BIO TEL HEART, a foreign corporation,
CARDIONET, LLC., a foreign corporation,
and BIO TELEMETRY, INC., a foreign corporation,

      Defendant.

_____

JULES B. OLSMAN (P28958)
Olsman MacKenzie Peacock & Wallace, P.C.
Attorney for Plaintiff
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-2300
jbolsman@olsmanlaw.com
_____

**<u>JURY DEMAND</u>**

      NOW COMES the plaintiff, FADI OSKA, Personal Representative of The Estate of

ABDEL OSKA, Deceased, by and through his attorneys, OLSMAN MACKENZIE PEACOCK &

WALLACE, P.C., by JULES B. OLSMAN, and hereby demands a trial by jury of the above-

entitled cause.

OLSMAN MACKENZIE PEACOCK &
WALLACE, P.C.

By /s/ Jules B. Olsman
   JULES B. OLSMAN (P28958)
   Attorney for Plaintiff
   2684 West Eleven Mile Road
   Berkley, MI 48072
Dated:  January 15, 2020          (248) 591-2300